IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA STERIO,

    Plaintiff,

  vs.                                       CIV-S-06-1045 MCE GGH

HIGHMARK LIFE INSURANCE CO., et al.,

    Defendants.                       ORDER

_____/

        Previously pending on this court's law and motion calendar for May 31, 2007, was plaintiff's motion to compel production of documents, follow-up interrogatories, and depositions. The parties filed a joint statement. Jesse Kaplan appeared for plaintiff. Nancy Potter appeared for defendants.

BACKGROUND

        This case concerns plaintiff's claim that defendants improperly denied long term disability benefits under an ERISA policy. According to the complaint, filed May 12, 2006, Highmark Life Insurance Company ("Highmark") insured the group employee disability benefits sought by plaintiff. The plan under which plaintiff was covered was the Diabetes Well Long Term Disability Plan. Plaintiff was employed by Diabetes Well as a receptionist. Although plaintiff was granted Social Security benefits for hip surgeries, chronic pain, depression, anxiety,

dizziness, and balance problems, the Highmark insurance coverage was denied. The terms of the plan are not clear from the complaint.

Plaintiff seeks to compel various forms of discovery. After meeting and conferring, defendants agreed to produce certain documents. Still other categories of documents remain at issue.

DISCUSSION

Although not clear from the joint statement, at hearing plaintiff conceded to application of an abuse of discretion standard of review in this case, despite her lack of information regarding the terms of the plan. Under the abuse of discretion standard, the court must base its decision on the administrative record only, not extrinsic evidence. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006). "The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise." Id. Therefore, the court will analyze the discovery at issue in light of this standard.

3.A. Documents constituting, containing, referring to, or reflecting any agreement between Highmark and the plan that any discretionary clause, language or basis would be part of documents responsive to request no. 3 (for such language defendants contend affects the standard of review to be applied by the court in this action) including any consideration given for inclusion of such language, and negotiations regarding them

Since plaintiff agreed to the abuse of discretion standard of review, discovery to determine the standard is no longer necessary. Furthermore, only the actual plan terms are relevant. The negotiations leading up to the final plan are not relevant as they do not constitute the contract terms. Therefore, plaintiff's motion to compel is denied in regard to this request.

\\\\\

1    3.B. <u>Documents regarding authorization for such discretionary clause(s), including by the California Insurance Commissioner, by the Plan, or by any person or entity relating to Highmark</u>

This discovery is not relevant to determine whether any conflict of interest affected the decision making process. As stated at hearing, the Plan says what it says. Plaintiff has made no claim in this action to void the Plan or any of its provisions, including any provision which permits the administrator to determine claims in his or her discretion. Whether the Plan's provisions were approved, or not, would shed no light on any purported conflict of interest maintained by the administrator. Defendants need not respond to this request.

3.C. <u>Names, addresses, and phone numbers of individuals likely to have information regarding the above subjects</u>

This request is denied as too far afield from the administrative record. The pertinent issue is whether the plan has a discretionary clause, and the terms of the plan.

4. <u>All documents regarding the "reserve set, or mandated for, this claim"</u>

Since such discovery may be relevant to a conflict of interest in defendant's decision to deny benefits, it will be permitted.

5. <u>All in-house Highmark documents including claim and procedural manuals, guidelines, bulletins, and memoranda regarding handling of disability claims in general, and disability claims involving chronic pain, depression, and anxiety</u>

This discovery is permissible to determine whether an administrator has complied with the procedural requirements of the Plan. The court understands that plaintiff is not seeking individual case files for persons who made claims because of chronic pain, depression or anxiety, but rather that plaintiff is seeking only procedures regarding same.

\\\\\

\\\\\

\\\\\

\\\\\

## CONCLUSION

For the reasons stated on the record at hearing, IT IS ORDERED that plaintiff's motion to compel discovery, filed May1, 2007, is granted in part and denied in part in accordance with the terms of this order.

DATED: 6/5/07            /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Sterio1045.dsy.wpd