IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA STERIO,

    Plaintiff,

  vs.                                CIV-S-06-1045 MCE GGH

HIGHMARK LIFE INSURANCE CO., et al.,

    Defendants.                   <u>ORDER</u>

_____/

        On June 5, 2007, this court issued an order resolving plaintiff's motion to compel discovery, filed May 1, 2007, and heard on May 31, 2007. On the same date that the order issued, plaintiff filed a request to withdraw her motion for discovery. For the reasons that follow, plaintiff's request is denied.

        Plaintiff explains that at the time of the hearing, she was not in receipt of the discretionary language upon which defendants intended to rely in denying her claim for long term disability benefits under an ERISA policy, but that it was one of the subjects of the discovery motion. According to plaintiff, defendants had represented to plaintiff prior to the hearing that discretionary language did exist, however. Plaintiff states that "[i]mmediately after the hearing, because the court required plaintiff's counsel to commit to the proposition that discretionary authority existed, plaintiff's counsel requested defendants' counsel to provide the relevant

1

language." After the hearing, defendants provided the discretionary language which plaintiff now believes is insufficient to confer discretion, according to case law. Therefore, plaintiff requests that her motion be withdrawn without prejudice to its renewal before Judge England, after resolution of the applicable standard of review.

Because counsel has mischaracterized the record, the colloquy of the pertinent portion of the proceedings is repeated here.

> COURT: I got a couple problems, and the first is, why should I be determining the standard of review here, when that's really the district judge's or the trial judge's job? And so if I were to issue an order saying discovery could or could not happen because of the standard of review, I'm in essence determining that major issue in the litigation. Why has this not been hashed out before the district judge, Judge England?
>
> MR. KAPLAN: One response, of course, is that the other side has taken a position about what the standard of review is unless what you mean is that you feel that you have to decide exactly where the standard of review falls under a body in order to rule on this motion, which I wouldn't think you could do. They've admitted that their position is that they have discretion in their plan and policy.
>
> COURT: Do you agree with that?
>
> MR. KAPLAN: I haven't seen, my discovery asks to see exactly what they mean by that.
>
> COURT: What is your position at present?
>
> MR. KAPLAN: Well, I think they have so much language, I'm not sure where ...
>
> COURT: Well, it makes a big difference. If it is de novo review, there is no discovery.
>
> MR. KAPLAN: I understand.
>
> COURT: De novo is de novo, and we don't need discovery on that. If it is an abuse of discretion review and there are gradations of that, there may well need to be discovery. So, I would initially need to determine whether it is de novo or discretionary, and so I need to know what your position is Mr. Kaplan.
>
> MR. KAPLAN: Well, I'll go with their admission. I'm certainly not defining where it lies under a body, but that's the thrust of the motion.
>
> COURT: So you are willing to accept an abuse of discretion review as opposed to de novo?
>
> MR. KAPLAN: Yeah.

1  COURT: All right. That'll be the situation. ...

2

3 Hearing, May 31, 2007.

4  Not only did the court inform plaintiff's counsel that the standard of review
5 should be determined by the district judge, but the court in no way required plaintiff's counsel to
6 commit to a specific standard of review. Furthermore, in the joint statement plaintiff did not take
7 a position as to the standard of review to be applied. If, as plaintiff contends, she did not have
8 access to the discretionary language at the time of the hearing, her counsel should not have bound
9 her in such a way. Moreover, resolution of the discovery motion was dependent upon application
10 of a specified standard of review, of which the parties were well aware.

11  Accordingly, IT IS ORDERED that plaintiff's request to withdraw her discovery
12 motion, filed May 1, 2007, is denied.

13 DATED: 6/13/07                    /s/ Gregory G. Hollows

14                                   _____
                                     GREGORY G. HOLLOWS
                                     U. S. MAGISTRATE JUDGE
15 GGH:076/Sterio1045.den