IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA STERIO,

    Plaintiff,

  vs.                                             CIV-S-06-1045 MCE GGH

HIGHMARK LIFE INSURANCE CO., et al.,

    Defendants.                         <u>ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for July 12, 2007, was plaintiff's motion for Rule 60(b) relief from this court's June 14, 2007, order denying withdrawal of plaintiff's motion for discovery. Jesse Kaplan appeared for plaintiff. Nancy Potter represented defendants. Having heard oral argument and reviewed the papers, the court now issues the following order.

<u>BACKGROUND</u>

        On June 5, 2007, this court issued an order resolving plaintiff's motion for discovery under an abuse of discretion standard of review as conceded by plaintiff's counsel at the hearing. That same date, plaintiff filed a motion to withdraw the discovery motion, which the court denied on June 14, 2007. Also on June 14, 2007, plaintiff filed a motion for relief from the order denying the motion to withdraw, under Fed. R. Civ. P. 60(b).

1

DISCUSSION

The purported basis for requested relief from the discovery order is counsel's mistake, surprise, and that the motion for withdrawal of the discovery motion was filed about forty minutes before the discovery order issued. Plaintiff's counsel is willing to pay defendant's fees and costs incurred in opposing the motion to compel and motions flowing from it, and sanctions to the court for the trouble caused.

The court must place plaintiff's request in its proper context. Plaintiff does not in actuality seek to be relieved of any order, discovery or otherwise, nor does plaintiff seek to have some type of default lifted. Rather, plaintiff seeks to eradicate from the record a statement concerning the standard of review in this ERISA case made in the course of a discovery hearing, which plaintiff's counsel now regrets making. Counsel believes that if he is allowed to now withdraw the discovery motion and order, the problematic statement vanishes along with the ill advised motion.

Plaintiff has improperly analyzed the issue as one for relief from order, rather than as a request not to be judicially estopped from disavowing his previous concession to be bound by the abuse of discretion standard of review for the remainder of this action.

> Several factors typically inform a court's decision whether to apply judicial estoppel. First, "a party's later position must be 'clearly inconsistent' with its earlier position." New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Second, courts often inquire whether the party achieved success in the prior proceeding, as "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' " Id. (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 (6th Cir.1982)). Third, courts consider whether, if not estopped, "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the other party." Id. at 751.

Abercrombie & Fitch Co. v. Moose Creek, Inc., 486 F.3d 629, 633 (9th Cir. 2007).

The undersigned nevertheless cannot issue an advisory opinion as to the standard of review to be applied in this case as it must be determined by the district judge, and therefore

will not rule on the issue of judicial estoppel.  The appropriate time on which to determine whether plaintiff should be estopped is the time that plaintiff takes a position inconsistent with the position taken at discovery hearing.  The court will not strike the discovery motion and hearing from the record as if it never existed.  The significance of the statement made, in light of the entire record, is one that the trial judge will determine.  However, the court will accept plaintiff's counsel's agreement to withdraw the previous discovery requests which led to the motion for discovery, and his unequivocal statement that he does not desire the discovery.  This retraction may be factored into the estoppel issue by the trial judge.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for relief under Rule 60(b), filed June 14, 2007, is vacated as premature.

2. Plaintiff's discovery requests underlying the motion for discovery, filed May 1, 2007, are withdrawn.

3. Plaintiff's counsel shall pay sanctions in the amount of $900 to defense counsel within ten days of this order.[1]

DATED: 7/13/07                                              /s/ Gregory G. Hollows

                                                            _____
                                                            GREGORY G. HOLLOWS
                                                            U. S. MAGISTRATE JUDGE

GGH:076/Sterio1045.R60

---

[1] If counsel believes this amount overstates defendant's expenses in opposing the initial motion, and this present motion, he may file a motion to ascertain the "correct" amount.